Hon. Thomas A. Coughlin, III Commissioner Department of Correctional Services
You have asked whether health care providers who render professional services to the Department of Correctional Services under contract are entitled to representation and indemnification in the event they are involved in litigation arising out of the rendering of these services. You point out that you have experienced difficulty in recruiting health care providers to work on a full-time basis in correctional facilities, and that your Department has, therefore, opted to obtain these services from the providers as independent contractors. You further explain that health care providers, especially physicians, on whatever basis their services are obtained, are particularly concerned about possible litigation or liability arising out of services performed at facilities under the jurisdiction of your Department.
Indemnification of State employees is provided for generally by section17 of the Public Officers Law. This section was repealed and reenacted with substantial revisions by chapter 466 of the Laws of 1978. The same chapter also repealed and reenacted Correction Law, § 24-a. That section presently provides that "* * * section 17 of the Public Officers Law shall apply to any person holding a license to practice a profession * * *" pursuant to certain specified sections of the Education Law, who renders professional services for the Department of Correctional Services, whether such services are performed within or without a correctional facility. There is no requirement expressed that the persons rendering professional services do so as "employees" as defined in Public Officers Law, § 17, rather than on a contract basis.
Your letter of inquiry also correctly notes that the pattern of the State's indemnification program has been to limit benefits to full-time employees or volunteers, and to exclude independent contractors (1975 Ops Atty Gen 59 and 78, Lapidot v State, 88 Misc.2d 1090 [Court of Claims, 1977]). To the extent that Correction Law, § 24-a constitutes a departure from this pattern, it is to be strictly construed (McKinney's Statutes, § 301, Bayswater Health Related Facility v Karagheuzoff,37 N.Y.2d 408, 414 [1975]).
The legislative history of chapter 466 of the Laws of 1978 by which both Correction Law, § 24-a and Public Officers Law, § 17 were enacted contains very little discussion of Correction Law, § 24-a. The Memorandum to the Governor submitted by your Department (letter to Hon. Judah Gribitz, Counsel to the Governor, dated July 5, 1978, Re: Senate 10146 and signed Patrick J. Fish, Counsel) makes no mention of Correction Law, § 24-a or its provisions. The Department of Health in its Memorandum to the Governor pointed out, however, that:
 "* * * this bill extends the benefits of Public Officers Law, § 17 to non-employee health professionals of both the Department of Correction and the Department of Mental Hygiene who render professional care at the request of those agencies. This Department has proposed legislation providing similar protection for consultant physicians rendering part-time health care services in hospitals operated by it".
As the quoted passage indicates, the Department of Health had proposed legislation by which the benefits of Public Officers Law, § 17 could be made available to persons rendering professional services on a contract basis for the Department. The Memorandum in which it appears, therefore, reflects the Department of Health's preference, as a matter of policy, for an interpretation of law which would make such indemnification available. It is clear that this interpretation of Correction Law, §24-a was before the Governor when he decided to approve chapter 466 of the Laws of 1978, by which that section was enacted.
It should also be noted that section 17 of the Public Officers Law applies to the negligence or alleged negligence of both non-professional and professional employees of the State and covers them whether within or without a State facility. Correction Law, § 24-a
would thus add little if anything to the law existing in its absence if it were interpreted so strictly as to deny extension of the benefits of section 17 to the identified independent contractors. Such an interpretation should be avoided (McKinney's Statutes, § 98).
We, therefore, conclude that indemnification and representation subject to the terms and conditions provided for in Public Officers Law, § 17
are available to persons licensed under Articles 131, 131-a, 131-b, 132, 133, 137, 139, 143, 156 and 159 of the Education Law who perform services in the Department of Correctional Services, even though they may not be employees as defined in Public Officers Law, § 17.